

# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | **WD87301** |
| Respondent, | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | |
| **JASON MICHAEL PUCKETT,** | ) | **June 24, 2025** |
| | ) | |
| Appellant. | ) | |
| | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Cotton Walker, Judge**

**Before Division Three:  Edward R. Ardini, Jr., Presiding Judge,**
**Alok Ahuja, Judge, and Thomas N. Chapman, Judge**

Following a jury trial in the Circuit Court of Cole County, Jason Puckett

("Puckett") was convicted of possession of a controlled substance (methamphetamine).

In his sole point on appeal, Puckett argues that there was insufficient evidence that he

knowingly possessed methamphetamine.  The judgment is affirmed.

## Background

Puckett was charged with the class D felony of possession of a controlled

substance (methamphetamine), with the charge subject to enhanced sentencing due to his

status as a prior and persistent offender.  In the light most favorable to the verdict, the

evidence at trial was as follows.

Around 10:03 P.M. on March 12, 2021, Officer T.B. with the Jefferson City Police Department observed a car driving with one headlight in Cole County. When Officer T.B. passed the vehicle he noticed that the license plate on the front of the vehicle did not match the license plate on the back of the vehicle. T.B. initiated a traffic stop.

There were three occupants in the vehicle. Puckett was sitting in the front passenger seat. After receiving information from the driver, T.B. went back to his patrol car to verify the validity of the driver's license and check for outstanding warrants. T.B. determined that the driver had a revoked license and had two outstanding warrants. Officer T.B. then called Officer C.S. for assistance.

T.B. directed the driver to exit the car. T.B. placed the driver in handcuffs. C.S. approached the passenger side of the car. The driver consented to a search of the vehicle.

C.S. asked Puckett to exit the vehicle in anticipation of conducting a search of the vehicle. As Puckett stepped out of the vehicle, C.S. watched Puckett's movements. C.S. observed a small plastic bag with a white residue in it fall from in between Puckett's lap and land on the seat Puckett had been sitting on. C.S. testified that he was not sure whether the bag was in between Puckett's legs or already underneath his legs, but saw the bag fall when Puckett exited the vehicle.

The bag was described as a small, clear cellophane bag containing a crystal-like substance. C.S. recognized the substance in the bag as looking identical to

methamphetamine. T.B. immediately believed the substance in the bag to be methamphetamine based on his experience and the appearance of the bag.

A field test revealed that the substance tested positive for methamphetamine. Subsequent lab testing was conducted and confirmed that the substance was methamphetamine and weighed 0.20 grams (plus or minus 0.05 grams). Photographs of the bag containing the substance were admitted into evidence.

The jury found Puckett guilty. Puckett received a sentence of four years, subject to section 559.115.3 placement in a department of corrections 120-day program. He now appeals to this Court.

## Standard of Review

> To determine whether the evidence presented at trial was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but, rather, accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidence and inferences. This Court's review is limited to determining whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. This is not an assessment of whether this Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.

*State v. Zetina-Torres*, 482 S.W.3d 801, 806 (Mo. banc 2016) (internal quotations, citations, and brackets omitted).

**Analysis**

In his sole point on appeal, Puckett argues that the evidence was insufficient to establish that he knowingly possessed methamphetamine. We disagree.

Section 579.015.1[1] provides: "A person commits the offense of possession of a controlled substance if he or she knowingly possesses a controlled substance, except as authorized by this chapter or chapter 195." Where the controlled substance is methamphetamine, the offense is a class D felony. *See* §§ 579.015.2, 556.061(15), 195.017.4.

Section 195.010 provides that certain words and phrases carry specified meaning when used in Chapter 579 RSMo unless the context requires otherwise.[2] Section 195.010(38) provides:

> **"Possessed"** or **"possessing a controlled substance"**, a person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his or her person or within easy reach and convenient control. A person who, although not in actual possession, has

---

[1] Unless otherwise indicated, statutory references are to RSMo 2016, as updated through the 2020 cumulative supplement.

[2] Additionally, section 556.061 provides definitions for a number of terms in the criminal code and indicates that the terms are to be given such defined meaning unless the context requires a different definition. Section 556.061(38) provides the following definition:

> **"Possess"** or **"possessed"**, having actual or constructive possession of an object with knowledge of its presence. A person has actual possession if such person has the object on his or her person or within easy reach and convenient control. A person has constructive possession if such person has the power and the intention at a given time to exercise dominion or control over the object either directly or through another person or persons. Possession may also be sole or joint. If one person alone has possession of an object, possession is sole. If two or more persons share possession of an object, possession is joint[.]

the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint[.]

Section 556.061(31) provides that, for purposes of the criminal code, "knowingly," when used with respect to conduct or attendant circumstances, "means a person is aware of the nature of his or her conduct or that those circumstances exist[.]"

To sustain a conviction for possession of a controlled substance in accordance with these statutes, Missouri courts have indicated that "the State must prove conscious and intentional possession of the substance, either actual or constructive, and awareness of the presence and nature of the substance." *State v. Berwaldt*, 652 S.W.3d 793, 797 (Mo. App. W.D. 2022) (citation omitted). "Possession and knowledge may be proved by circumstantial evidence." *Id.* (citation omitted).

In this matter, the evidence was sufficient for a reasonable juror to find beyond a reasonable doubt that Puckett knowingly possessed the bag of methamphetamine. The evidence at trial indicated that Puckett caused the bag to move when he exited the vehicle and that Puckett caused the bag to move in a falling manner. From this evidence, a reasonable juror could infer that Puckett had the bag on his person prior to standing up and therefore had actual possession of the bag; that Puckett was attempting to conceal the bag in some manner, either by concealing it on his person or attempting to jettison it while standing; that Puckett was aware of the presence of the bag of methamphetamine on his person; and that Puckett was aware of the nature of the bag of methamphetamine.

Point denied.

## Conclusion

The judgment is affirmed.

_____
Thomas N. Chapman, Judge

All concur.